# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12-cv-00286-MR
# [Criminal Case No. 1:10-cr-00008-MR-1]

| | |
|---|---|
| WILLIAM ISAAC SMALLS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 7].

## I. BACKGROUND

On February 8, 2010, the Grand Jury for the Western District of North Carolina charged Petitioner in a Bill of Indictment with bank robbery, in violation of 18 U.S.C. § 2113(a) (Count One), and possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two).[1] [Case No. 1:10-cr-00008-MR-1, Doc. 1: Indictment]. Petitioner subsequently entered into a written plea agreement in which he agreed to plead guilty to both counts in the Indictment. [Id.,

---
[1] Petitioner committed these offenses while on supervised release for other convictions in this Court.

Doc. 14 at 1: Plea Agreement; Doc. 15: Acceptance and Entry of Guilty Plea]. As part of the plea agreement, Petitioner agreed that he waived his right to challenge his convictions on collateral review except on the grounds of prosecutorial misconduct or ineffective assistance of counsel. [Id., Doc. 14 at 5].

In preparation for sentencing, the probation officer prepared a presentence investigation report ("PSR"). [Id., Doc. 16: PSR]. In the PSR, the probation officer concluded that Petitioner qualified as a career offender under § 4B1.1 of the United States Sentencing Guidelines based on Petitioner's prior convictions for burglary, trafficking by sale of cocaine, sale or delivery of cocaine, and three counts of bank robbery (which occurred on separate occasions). [Id. at 6]. Based on Petitioner's criminal history category of VI, a total offense level of 29, and his status as a career offender, the probation officer calculated an advisory guidelines range of imprisonment of 262 to 327 months of imprisonment. [Id. at 6-7; 20]. The probation officer further noted that Petitioner faced a statutory maximum sentence of twenty years for the bank robbery conviction and a statutory mandatory minimum sentence of seven years for the firearm conviction. [Id. at 6-7; 20].

On October 18, 2010, this Court sentenced Petitioner to 178 months of imprisonment as to Count One, and to 84 motions of imprisonment as to Count Two, to run consecutively, for a total sentence of 262 months of imprisonment, the bottom of the Guidelines range. [Id., Doc. 24 at 2: Judgment]. This Court entered judgment on October 18, 2010, and Petitioner appealed. On June 3, 2011, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence in an unpublished opinion. United States v. Smalls, 434 F. App'x 182 (4th Cir. 2011).

Petitioner placed his original motion to vacate in the prison mailing system on August 20, 2012, and it was stamp-filed in this Court on August 28, 2012. [Doc. 1]. Petitioner raised the following three claims in his original motion to vacate: (1) that trial counsel was ineffective for failing to file a motion to dismiss the indictment based on an alleged violation of Rule 6 of the Federal Rules of Criminal Procedure, and for failing to file a motion to inspect the list of names of the grand jurors who charged Petitioner in the bill of indictment (Ground One); (2) that this Court should "dismiss" the charges against Petitioner pursuant to the Fifth and Tenth Amendments to the U.S. Constitution "as an infringement upon the powers reserved to the states" (Count Two); and (3) that under Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), and United States v. Simmons, 649 F.3d 237 (4th Cir.

2011), Petitioner no longer has three prior, qualifying convictions consisting of either violent felonies or serious drug offenses for purposes of Petitioner's sentencing enhancement (Count Three). [Doc. 1-1 at 2; 14; 37].[2]

On March 28, 2013, Petitioner filed a motion to strike Grounds One and Two and sought to amend the motion to vacate. [Doc. 5]. This Court granted Petitioner's motion on May 28, 2013. Petitioner then filed the pending amended motion on June 10, 2013. In his sole claim for relief in the amended motion to vacate, Petitioner contends that his trial counsel was ineffective for failing to challenge the constitutionality of the career offender statute. Other than stating in the amended motion to vacate that he intends to "expand" his claim in his original motion to vacate "that under Simmons he could no longer be designated a career offender," Petitioner does not present the argument made in his original motion to vacate as to Simmons relief as to his underlying predicate felonies for purposes of qualifying as a career offender. [See Doc. 7 at 2].

---

[2] On February 25, 2013, this Court granted a motion to withdraw as counsel by the Federal Defenders of Western North Carolina, who had been directed by a standing order of this Court to conduct a review of Petitioner's claim to determine whether he is entitled to relief under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). [See Docs. 3, 4].

4

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010).

Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000). Finally, to demonstrate prejudice in the context of a guilty plea, a petitioner must be show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). In evaluating such a claim, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss . . . any § 2255 motion that necessarily relies on allegations that contradict the

6

sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

As his sole claim in his amended motion to vacate, Petitioner contends that his trial counsel was ineffective for failure to challenge the constitutionality of the career offender statute. Specifically, Petitioner argues that "the sentencing commission unconstitutionally expanded the scope of the career offender section without statutory authority" and that "had counsel attacked the career offender section . . . it would have saved [Petitioner] a significant term of imprisonment, and avoided a miscarriage of justice." [Doc. 7 at 2; 10]. This claim is wholly without merit, as an argument by counsel challenging the constitutionality of the career offender statutes and corresponding sentencing guidelines would have failed. See United States v. Baker, 953 F.2d 639, at *6 (4th Cir. Jan. 31, 1992) (unpublished) ("There is no question that [the career offender] scheme passes the rational basis test."). Therefore, Petitioner's ineffective assistance of counsel claim fails.[3]

Next, to the extent that Petitioner purports to raise a Simmons claim, the Court will deny his claim. Contrary to Petitioner's argument as stated in

---

[3] Petitioner did not sign his petition under penalty of perjury. Because Petitioner's claim is being denied on the merits the Court will not require Petitioner to resubmit his petition signed under penalty of perjury.

his original motion to vacate, the prior felonies used to designate Petitioner as a career offender, as well as other prior felonies cited in his PSR, still qualify as predicate felonies even after Simmons. [See Case No. 1:10cr0008-MR-1, PSR, Doc. 16 at 6-14].

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner is not entitled to relief.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)).  Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: May 20, 2014

Martin Reidinger
United States District Judge