# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00231-MR
# (CRIMINAL CASE NO. 1:10-cr-00008-MR-1)

| | |
|---|---|
| WILLIAM ISAAC SMALLS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed under 28 U.S.C. § 2255 [Doc. 1]. For the reasons that follow, the Court finds that this is an unauthorized, successive petition. The Court therefore dismisses the Motion to Vacate.

## I.     BACKGROUND

On April 19, 2010, *pro se* Petitioner William Isaac Smalls pleaded guilty pursuant to a written plea agreement to bank robbery, in violation of 18 U.S.C. § 2113(a) (Count One), and possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two). [Crim. Case No. 1:10-cr-00008-MR-1 ("CR"), Doc. 14 at 1: Plea Agreement; Doc. 15: Acceptance and Entry of Guilty Plea]. On October

18, 2010, this Court sentenced Petitioner to 178 months of imprisonment as to Count One, and to 84 motions of imprisonment as to Count Two, to run consecutively, for a total sentence of 262 months of imprisonment. [CR Doc. 24 at 2: Judgment]. This Court entered judgment on October 18, 2010, and Petitioner appealed. On June 3, 2011, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence in an unpublished opinion. United States v. Smalls, 434 F. App'x 182 (4th Cir. 2011). Petitioner filed a motion to vacate on August 20, 2012, which this Court denied and dismissed on the merits on May 21, 2014. [Civil Case No. 1:12-cv-00286-MR (W.D.N.C.)]. The Fourth Circuit dismissed Petitioner's appeal of the denial of the motion to vacate on July 1, 2015. [CR Doc. 48].

Petitioner filed the instant Section 2255 motion to vacate on June 27, 2016, again challenging his conviction and sentence in Criminal Case No. 1:10-cr-00008-MR-1. In the instant motion to vacate, Petitioner seeks relief under the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).[1]

---

[1] Petitioner filed the instant motion to vacate, in which he seeks relief under Johnson, as a "Motion to Declare the 'Residual Clause' of 18 U.S.C. § 16(b) as Unconstitutional as Applied in Sentencing." Petitioner did not file the motion on a form used for Section 2255 petitions, and he has not signed the motion under penalty of perjury. It is clear, however, that he is seeking relief from his sentence under Johnson.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel

of the appropriate court of appeals."). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place.").

## IV. CONCLUSION

For the reasons stated herein, Petitioner's Section 2255 petition is dismissed as successive.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED** as a successive petition.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: July 26, 2016

Martin Reidinger
United States District Judge