THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:10-cr-00008-MR

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **O R D E R** |
| WILLIAM ISAAC SMALLS, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Government's Motion to Authorize Payment from Inmate Trust Account [Doc. 53]. The Defendant has not responded to the Government's motion.

**I. BACKGROUND**

The Defendant pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). On September 22, 2010, this Court sentenced the Defendant to a total of 262 months' imprisonment and ordered him to pay a $200.00 special assessment and $4,000.00 in restitution. [Doc. 24]. According to the Government, the Defendant to date has paid the special assessment but has made no

payments toward satisfaction of his restitution obligation. The current balance owed for the criminal restitution is $4,000.00.

The Defendant is currently in federal custody at the Federal Correctional Institution in Butner, North Carolina. He is scheduled to be released from federal custody in December 2028.

The Government recently learned that the Defendant currently maintains $31,135.80 in his inmate trust account maintained by the Bureau of Prisons ("BOP"). By the present motion, the Government seeks entry of an order authorizing the BOP to turnover $4,000.00 of these funds as payment towards Defendant's outstanding criminal monetary penalties. [Doc. 53].

## II. DISCUSSION

The purpose of an inmate trust account, or commissary account, is to allow the BOP to maintain inmates' monies while they are incarcerated, including monies received by the inmate from prison employment and outside sources. 28 C.F.R. §§ 506.1, 545.11. Family, friends, or other sources may deposit funds for the benefit of the inmate into these accounts. 28 C.F.R. § 506.1. Deposits intended for the inmate's account must be

mailed directly to the BOP's centralized commissary account. 28 C.F.R. § 540.23.

Pursuant to 18 U.S.C. § 3613, the Government may enforce criminal monetary penalties, such as restitution and criminal fines, "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law…." 18 U.S.C. §§ 3613(a), (f). The statute also provides that a sentence imposing restitution constitutes a lien in favor of the Government against all of a defendant's property and rights to property. 18 U.S.C. § 3613(c). Thus, the Government's lien would attach to the Defendant's interest in funds held by the BOP in his inmate trust account. See also 18 U.S.C. § 3613(a) (government enforces fines and restitution against all non-exempt property and rights to property of the defendant); 18 U.S.C. § 3664(m) (government may use all available and reasonable means to collect restitution).

Moreover, the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, et seq. ("MVRA"), requires that the defendant's resources received from any source during his term of incarceration must be applied to his outstanding restitution obligation. Specifically, 18 U.S.C. § 3664 (n), provides as follows:

> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source,

> including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

18 U.S.C. § 3664(n).

Upon review of the Government's motion, the Court concludes that an order authorizing the turnover of the Defendant's property is appropriate here. The funds at issue currently are in the Government's possession and the Government has a valid lien over this property. Further, because the property at issue is cash, it does not fall within any applicable categories of the exempt property that a defendant may claim in a criminal case. See 18 U.S.C. § 3613(a)(1) (setting forth the applicable IRS property exemptions for criminal cases). Accordingly, the Defendant cannot properly claim that the funds held in his inmate trust account are exempt from payment of his criminal penalties.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Authorize Payment from Inmate Trust Account [Doc. 53] is **GRANTED**, and the Bureau of Prisons is hereby authorized to turn over to the Clerk of Court $4,000.00 held in the inmate trust account for the above-named Defendant as payment for the criminal monetary penalties imposed in this case.

**IT IS SO ORDERED**.

Signed: November 4, 2016

Martin Reidinger
United States District Judge