THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:10-cr-00008-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | O R D E R |
| ) | |
| WILLIAM ISAAC SMALLS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) Compassionate Release" [Doc. 60]; the Government's Response Opposing Motion for Compassionate Release [Doc. 62]; and the Defendant's Reply [Doc. 63].

**I.   BACKGROUND**

In October 2009, the Defendant William Isaac Smalls robbed a Carolina First Bank in Asheville, North Carolina. [Doc. 17: PSR at ¶ 4]. During the robbery, the Defendant displayed a pistol and demanded fifties and hundreds from a teller. [Id.]. The Defendant stole $4,000 and left the bank. [Id. at ¶ 5]. The Defendant later admitted robbing the Carolina First Bank, using a pistol he had stolen from a drug dealer. [Id. at ¶ 11].

A federal grand jury indicted the Defendant and charged him with bank robbery, in violation of 18 U.S.C. § 2113(a), and with possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). [Doc. 1]. The Defendant entered into a plea agreement with the Government and pled guilty to both offenses. [Doc. 14 at ¶ 1].

This Court's probation office submitted a presentence report ("PSR") in preparation for sentencing. In the PSR, the probation officer determined that the Defendant was a career offender based on his three prior convictions for burglary in Georgia state court, his two prior convictions for drug trafficking in North Carolina state court, and his three prior convictions for bank robbery in this Court. [Doc. 17 at ¶¶ 25, 37, 39, 44, 47]. Based on a total offense level of 29 and a criminal-history category of VI, the Sentencing Guidelines advised a sentence of between 151 and 188 months in prison. [Id. at ¶ 27(A)]. Under the career offender guideline, U.S.S.G. § 4B1.1(c)(3), the Sentencing Guidelines advised a sentence of between 262 and 327 months in prison, inclusive of a mandatory consecutive sentence of 84 months for the firearm offense. [Id. at ¶ 27(B)]. This Court sentenced the Defendant to 178 months in prison for the bank robbery offense and to a

2

consecutive term of 84 months in prison for the § 924(c) firearm offense, for an aggregate sentence of 262 months in prison. [Doc. 24 at 2].

The Defendant is currently incarcerated at USP Lewisburg, and his projected release date is July 24, 2028.[1] While in the Bureau of Prisons, the Defendants has received five disciplinary citations and has completed 35 educational courses or work assignments. [Doc. 62-1]. He has approximately 170 months of credited time. [Id.].

The Defendant now asks this Court to grant him compassionate release. For grounds, the Defendant cites his age, his health conditions, and the COVID-19 pandemic. [Doc. 60 at 1]. He further argues that if he were sentenced today, he would not be classified as a career offender and would receive a lower sentence. [Id. at 8-11].

The Court ordered the Government to respond to the Defendant's motion. [Text-Only Order entered April 19, 2022]. The Government filed its Response on May 19, 2022. [Doc. 62]. The Defendant subsequent filed a Reply. [Doc. 63]. This matter is now ripe for disposition.

---

[1] See https://www.bop.gov/inmateloc/ (last accessed June 23, 2022).

3

Case 1:10-cr-00008-MR   Document 64   Filed 06/27/22   Page 3 of 11

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This exhaustion requirement is a non-jurisdictional claim-processing rule that may be waived or forfeited by the Government. United States v. Muhammad, 16 F. 4th 126, 130 (4th Cir. 2021). Where, however, the Government raises the issue, the burden is on the Defendant to show that he has exhausted his administrative remedies with the BOP or that 30 days have passed since making his compassionate release request. See United States v. Huitt, No. 3:16-CR-206-MOC, 2021 WL 2226486, at *1 (W.D.N.C. June 2, 2021) (Cogburn, J.).

Here, the Government argues that the Defendant failed to fully exhaust his administrative remedies because the Administrative Remedy Response submitted by the Defendant in support of his motion indicates that he only

4

Case 1:10-cr-00008-MR    Document 64    Filed 06/27/22    Page 4 of 11

asked the warden of his BOP facility to grant him compassionate release because of "the COVID-19 pandemic" and not for the other reasons cited in the Defendant's motion. [Doc. 60-1]. In response to the Government's argument, the Defendant submits a "Request for Administrative Remedy" form that he submitted to the warden and which appears to have been received on March 17, 2022. [Doc. 63-1]. In this form, the Defendant identifies all the grounds for release that he relies upon in his present motion. [Id.].

These forms appear to address two separate administrative requests: one that was received on March 17, 2022 [Doc. 63-1] and another that was received on March 25, 2022 [Doc. 60-1]. The warden's Response appears to address only the request received on March 25, 2022. The Defendant contends that he never received a response for his March 17, 2022 request. [Doc. 63-1 at 2].

Based on the record presented, the Court finds that the Defendant has satisfied his burden of demonstrating that he presented all the grounds identified in his motion and did not receive a response from the warden within 30 days of his request. Accordingly, the Court finds that the Defendant

5

sufficiently exhausted his administrative remedies. The Court therefore will proceed to address the merits of the Defendant's request.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. Specifically, the application notes to this policy statement set forth the various circumstances under which the Court can determine that "extraordinary and compelling reasons exist," including: the medical condition of the defendant, the age of the defendant, certain family circumstances, or other reasons. This policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit

6

Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). Nevertheless, the Court recognized, that the policy statement "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7.

Here, the Defendant argues that he is 60 years old and is experiencing a serious deterioration in his physical or mental health because of the ageing process as well as a number of serious health conditions (Bell's Palsy, hypertension, osteoarthritis).[2] While the Defendant's conditions are

---

[2] The Defendant also makes a passing reference to the COVID-19 pandemic [Doc. 60 at 1] but does not appear to argue that his health conditions render him more susceptible to serious illness or death from the virus. In any event, to the extent that the Defendant is attempting to assert that the COVID-19 pandemic constitutes an "extraordinary and compelling" reason for his release, his argument fails. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify

undoubtedly serious, the Defendant's medical records do not indicate that these conditions are uncontrolled or that they substantially diminish his ability to provide self-care while incarcerated. Moreover, the records indicate that all his conditions are being adequately treated in BOP, and there is no evidence that he is experiencing a serious deterioration in physical health because of these conditions or the aging process.

The Defendant also contends that compassionate release is warranted because his Georgia burglary convictions would no longer be considered as crimes of violence for the purpose of the career offender guideline.

In McCoy, the Fourth Circuit recognized that district courts may "consider changes in sentencing law as part of the 'extraordinary and compelling reasons' inquiry." 981 F.3d at 287-88. Specifically, in McCoy, the Fourth Circuit affirmed the district courts' findings that "the severity of a § 924(c) sentence, combined with the enormous disparity between that sentence and the sentence a defendant would receive today, can constitute

---

compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); see also United States v. Lemons, 15 F. 4th 747, 751 (6th Cir. 2021) ("a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction….[T]o the extent prisons do offer some unique challenges, the vaccine now significantly reduces the risks associated with COVID-19.").

8

an 'extraordinary and compelling' reason for relief under § 3582(c)(1)(A)." Id. at 285. "Nothing in McCoy, however, requires the court to reduce a defendant's sentence once the defendant shows that new statutory or case law would have benefitted the defendant, if such law had existed at the time of the defendant's sentencing." United States v. Spencer, 521 F. Supp. 3d 606, 610 (E.D. Va.), aff'd, 853 F. App'x 833 (4th Cir. 2021). Rather, the Court cautioned that the determination of whether a sentence reduction should be based on a "full consideration of the Defendant's individual circumstances," including the length of time already served, any rehabilitative efforts made while incarcerated, the defendant's prior criminal history, and the defendant's age at the time of the offense. McCoy, 981 F.3d at 286.

Even assuming that the Defendant's argument regarding his Georgia burglary convictions is correct, the Defendant would still be properly classified as a career offender. Setting aside the Defendant's burglary convictions, the PSR identified four other predicate offenses that qualified him as a career offender: (1) his North Carolina state conviction for trafficking of cocaine, which is a "controlled substance offense" under Sentencing Guidelines § 4B1.2(b); and (2) his three prior federal court convictions for bank robbery, which qualify as "crimes of violence" under § 4B1.2(a)(2).

9

[See Doc. 17 at ¶¶ 25, 27]. Because these convictions still support his designation as a career offender, any subsequent changes to the classification of the Defendant's burglary convictions do not constitute an extraordinary and compelling reason for a sentence reduction in this case.

In sum, the Court concludes that none of the circumstances cited, considered separately or in combination, constitute an extraordinary and compelling reason for a reduction in the Defendant's sentence.

Even if the Defendant had demonstrated "extraordinary and compelling reasons" for his release, the Court must still consider the § 3553(a) sentencing factors "to the extent that they are applicable" in deciding whether to reduce a defendant's sentence in the exercise of its discretion. See United States v. Jenkins, 22 F. 4th 162, 170 (4th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)). Here, evaluation of the § 3553(a) factors weigh in favor of the Defendant's continued incarceration.

The Defendant's crime of conviction—bank robbery—was extremely serious. Further, he has a significant criminal history, including convictions for burglary, drug trafficking, and federal bank robbery offenses. The Defendant was 48 years old when he committed his offense, and while he has received fewer disciplinary citations while in the Bureau of Prisons than

10

some other inmates, his efforts at rehabilitation have not been extraordinary. Based on the Defendant's history and characteristics and the need to protect the public from further crimes, the need to provide just punishment, and the need to deter the Defendant and others from engaging in similar criminal activity, the Court concludes that his sentence of 262 months in prison is sufficient but not greater than necessary to accomplish the § 3553(a) sentencing objectives.

For all these reasons, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors weigh in favor of his continued incarceration. Accordingly, the Defendant's motion for compassionate release is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) Compassionate Release" [Doc. 60] is **DENIED**.

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge

11

Case 1:10-cr-00008-MR   Document 64   Filed 06/27/22   Page 11 of 11