THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:10-cr-00008-MR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| WILLIAM ISAAC SMALLS, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for "3582(c)(2) Sentencing Reduction Based on Part A of Amendment 821 4A1.1(d) Retroactivity" [Doc. 65].

The Defendant William Isaac Smalls pled guilty pursuant to a written plea agreement to one count of bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). [Docs. 14, 15]. On September 22, 2010, the Court sentenced him to a total term of 262 months' imprisonment. [Doc. 24 at 2].

The Defendant now moves for a reduction of his sentence pursuant to Part A of Amendment 821 to the United States Sentencing Guidelines. [Doc. 65].

At the time that the Defendant was sentenced, U.S.S.G. § 4A1.1 provided for the addition of two criminal history points if the defendant committed the offense of conviction while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. U.S.S.G. § 4A1.1(d) (2009). Part A of Amendment 821, effective November 1, 2023, amended this provision. As revised, § 4A1.1 now provides for the addition of only one criminal history point and applies only to defendants with seven or more criminal history points who committed the offense of conviction while under a criminal justice sentence. U.S.S.G. § 4A1.1(e) (2023).

At sentencing, the Court determined the Defendant's criminal history category (CHC) to be VI, based on a total of 18 criminal history points. [Doc. 17: PSR at ¶ 51]. Fifteen of these points were based on the Defendant's prior convictions; two additional status points were added pursuant to § 4A1.1(d) (2009) because the Defendant had committed the offenses of conviction while under a criminal justice sentence, and one additional status point was added pursuant to § 4A1.1(e) (2009) because the Defendant had committed the offenses of conviction less than two years from his release from custody for a prior offense. [Id. at ¶¶ 49-51]. The revision to § 4A1.1 pursuant to Amendment 821 would result in only one status point being

added due to the fact that the Defendant had committed the offenses of conviction while under a criminal justice sentence. The other status point remains unaffected.[1] Thus, even with the application of Amendment 821, the Defendant would have a criminal history score of 17, which still establishes a criminal history category of VI. As such, Part A of Amendment 821 has no impact on the calculation of the Defendant's advisory guideline range.[2]

For all of these reasons, the Defendant's motion is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for "3582(c)(2) Sentencing Reduction Based on Part A of Amendment 821 4A1.1(d) Retroactivity" [Doc. 65] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 15, 2024

Martin Reidinger
Chief United States District Judge

---

[1] U.S.S.G. § 4A1.1(e) (2009), the subsection providing for the addition of status points due to the offense of conviction having been committed within two years of the defendant's last conviction, was deleted by Amendment 742, which became effective on November 1, 2010, after the Defendant's sentencing. That amendment, however, was not made retroactive. United States v. Brooks, 788 F. App'x 213, 213 (4th Cir. 2019). Thus, the one status point scored pursuant to § 4A1.1(e) (2009) is still valid. Even if that status point were removed, however, the Defendant would still have 16 criminal history points, which still qualifies him for a CHC of VI.

[2] Additionally, the Defendant was found to be a career offender, which would have also resulted in a CHC of VI, even without the application of status points. [Doc. 17: PSR at ¶¶ 25, 51].

3

Case 1:10-cr-00008-MR   Document 66   Filed 01/16/24   Page 3 of 3