**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:10-cr-00008-MR**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **WILLIAM ISAAC SMALLS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Reduction in Sentence Pursuant to 18 U.S.C. 3582(c)(1)" [Doc. 67] and "Ex Parte Request for Appointment of Counsel" [Doc. 68].

## I.    BACKGROUND

The Defendant William Isaac Smalls pled guilty pursuant to a written plea agreement to one count of bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  [Docs. 14, 15].  On September 22, 2010, the Court sentenced him to a total term of 262 months' imprisonment.  [Doc. 24 at 2].

The Defendant has previously moved this Court for a sentence reduction, first under 18 U.S.C. § 3582(c)(1)(A), and again under 18 U.S.C.

§ 3582(c)(2).  [Docs. 60, 65].  This Court denied both of these previous motions.  [Docs. 64, 66].  The Defendant now again moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), citing his age, health problems, unusually long sentence, and that he has already served over 10 years.  [Doc. 67].

## II.    DISCUSSION

Section 3582(c)(1)(A) authorizes a district court to reduce a defendant's sentence, after considering the sentencing factors described in 18 U.S.C. § 3553(a), if the court finds that (1) extraordinary and compelling reasons warrant a sentence reduction and (2) a sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Section 3582(c)(1)(A) also requires a defendant to "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Id.  As an initial matter, the Court notes that the Defendant does not appear to have made another request to the warden since the filing of his previous motions.  [See Doc. 67 at ¶ 2].  In light of the new information cited in support of the Defendant's new request for relief, the present motion is an entirely new motion subject

to the exhaustion requirements of § 3582(c)(1)(A).  Therefore, the Defendant was required to make a new request to the warden before filing this motion in order to satisfy the exhaustion requirement.  Nonetheless, the Court will proceed to address the merits of his claims.

The Sentencing Commission's policy statement applicable to compassionate release requests is Sentencing Guidelines § 1B1.13. Although the Fourth Circuit held in United States v. McCoy that § 1B1.13 was not an "applicable policy statement" limiting a district court's authority to grant compassionate release because the Sentencing Commission had not amended § 1B1.13 to incorporate changes to § 3582(c)(1)(A) made by the First Step Act, 981 F.3d 271, 282 (4th Cir. 2020), the Sentencing Commission amended § 1B1.13, effective November 1, 2023.  The amended policy statement now governs Defendant's motion for compassionate release.

Section 1B1.13, as amended, authorizes this Court to grant a defendant's motion for compassionate release if the Court finds that extraordinary and compelling reasons warrant a sentence reduction and that the defendant is not a danger to the safety of any other person or to the community.   U.S.S.G. § 1B1.13(a).   Section 1B1.13(b) describes six categories of extraordinary and compelling reasons that individually, or in

combination, may support a request for compassionate release: (1) medical circumstances of the defendant; (2) the age of the defendant; (3) a defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar in gravity as those articulated in (1)–(4); and (6) an "unusually long sentence." U.S.S.G. § 1B1.13(b).

While the Court acknowledges the new standard under the amendment to Section 1B1.13, the Defendant has not raised any new arguments that this Court did not already address in his previous motions for relief. The Defendant has not identified any worsening of his medical conditions in the past two years that has diminished his ability to provide self-care or that requires any type of medical treatment that is not already being provided. U.S.S.G. § 1B1.13(b)(1)(C). While the Defendant makes reference to his rehabilitation efforts, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for relief under the sentencing guidelines. Id. § 1B1.13(d)

Furthermore, although Section 1B1.13 was not an applicable policy statement prior to the 2023 amendment, the Court looked to the Section 1B1.13 criteria as "helpful guidance" in deciding the Defendant's previous

4

3582(c)(1)(A) motion. See United States v. Smalls, No. 1:10-CR-00008-MR, 2022 WL 2311783, at *2 (W.D.N.C. June 27, 2022).

Therefore, in essence, nothing has changed since this Court's denial of that motion, and the Defendant's present motion will be denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Reduction in Sentence Pursuant to 18 U.S.C. 3582(c)(1)" [Doc. 67] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's "Ex Parte Request for Appointment of Counsel" [Doc. 68] is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Signed: May 25, 2024

Martin Reidinger
Chief United States District Judge